IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-147-BR

JEANE GREGORY,
        Plaintiff,

v.                              ORDER

SMALL & LOEB GCA LAW PARTNERS,
LLC, et al.,
        Defendants.

This matter is before the court on the motions to dismiss of Jackson & Efting ("Efting") (DE # 14); GCA Law Partners LLP ("GCA"),[1] (DE # 19); and Judge M. Aaron Persky, Judge Rise Jones Pichon, and the Superior Court of California, County of Santa Clara ("Judicial Defendants"),[2] (DE # 26). Plaintiff, Jeane Gregory, filed responses to these motions. (DE ## 22, 34.) GCA filed a reply. (DE # 31.) Also before the court is plaintiff's motion to amend her complaint, (DE # 33), and her motion for summary judgment, (DE # 36), to which no responses were filed.[3] (DE # 33.) These motions are ripe for disposition.

## I.    BACKGROUND

Plaintiff, proceeding *pro se*, filed this lawsuit on 10 October 2019 against residents or entities "of California." (DE # 1, at 1.) Plaintiff asserts that she is a resident of New Bern, North

---

[1] Although plaintiff named "Small & Loeb GCA Law Partners, LLC," the answering party asserts the correct name is "GCA Law Partners LLP." (See DE # 1, at 1; DE # 20, at 1.)

[2] Although plaintiff named "Santa Clara County Superior Court," the answering party asserts the correct name is "Superior Court of California, County of Santa Clara." (See DE # 1, at 1; DE # 27, at 1.)

[3] Plaintiff's proposed amended complaint purports to add Joel A. Harris as a defendant. (DE # 33-1.) The amendment does not appear to change the substantive nature of the complaint. Because plaintiff may have the right to amend her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the court will consider the amendment for purposes of the motions to dismiss.

Carolina.  (Id.)  Plaintiff contends the court has jurisdiction based on diversity between the parties.  (Id.)

Plaintiff's allegations appear to arise from the handling of her mother's estate.  (Id. at 2–3.)  She states that her mother, a resident of California, passed away in March 2009.  (DE # 22, at 5.)  Thereafter, plaintiff alleges J.C. Glaser and J.A. Harris, two California attorneys, hid her mother's will.  (DE # 1, at 2.)  She also alleges that Glaser was improperly named Trustee, that he and Harris failed to make an accounting of the estate, and that the "Santa Clara County Superior Court" bears responsibility for their actions regarding the estate.  (Id.)  Additionally, she contends GCA improperly created a "New Trust" in 2017, which Judge Persky signed off on.  (DE # 1, at 2–3.)  She also alleges that Judge Pichon ignored her petition in an October 2017 hearing in Santa Clara County Court.  (Id. at 3.)  In sum, plaintiff contends that "[t]he California Court allowed two California attorneys to steal [her] parents' estate!"  (Id. at 4.)

## II.      DISCUSSION

### A.  Personal Jurisdiction

All named defendants contend the court lacks personal jurisdiction over them.  (DE # 16, at 2; DE # 20, at 2; DE # 27, at 2.)  Once a defendant properly challenges personal jurisdiction, the plaintiff bears the burden of establishing a ground for jurisdiction by a preponderance of the evidence.  Taylor v. Bettis, 976 F. Supp. 2d 721, 748 (E.D.N.C. 2013) (quoting Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)).  "When considering a jurisdictional challenge, the court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'"  Id. (quoting Combs, 886 F.2d at 676).

2

Personal "jurisdiction must be authorized by the long-arm statute of the forum state, and . . . must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citation omitted). North Carolina's long-arm statute extends jurisdiction over nonresident defendants to the full extent permitted by the Fourteenth Amendment. Taylor, 976 F. Supp. 2d at 748 (quoting ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir. 1997)). Thus, these two requirements "collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Christian Sci. Bd., 259 F.3d at 215 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945)).

Personal jurisdiction may be either general or specific. Cherry Tree Farms, LLC v. Runyan, No. 2:16-CV-60-D, 2016 U.S. Dist. LEXIS 176501, at *6 (E.D.N.C. Dec. 21, 2016). A court may exercise general jurisdiction over a nonresident defendant if that party "maintains 'continuous and systematic' contacts" with the forum state. Taylor, 976 F. Supp. 2d at 748 (citation omitted). Absent "continuous and systematic" contacts, "a court may assert [specific] jurisdiction only if the litigation arises out of the defendant's contacts with the form state." Id. (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984)). In considering whether the court has specific jurisdiction, courts consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 302 (4th Cir. 2012) (citation omitted).

1. *General Jurisdiction*

Plaintiff alleges "all defendants are of California" and lists California addresses for each of them. (DE # 1, at 1.) With this assertion, all defendants agree. According to the affidavit of William D. Connell, a partner at GCA:

> GCA is a California limited liability partnership with its principal place of business in Mountain View, California. It is not and has never been registered to do business in North Carolina, does not have and has never had any office or physical presence in North Carolina, and does not own property in North Carolina. GCA has no agents, employees, or attorneys who reside or work in North Carolina, nor are any GCA attorneys licensed to practice law in North Carolina. GCA does not maintain and has never maintained bank accounts in North Carolina and does not pay taxes to North Carolina. Finally, GCA does not direct any advertising specifically toward, nor advertise in media specifically and primarily directed toward, North Carolina or its residents.

(DE # 20, at 5–6 (citing Connell Aff. (DE # 20-1)).) Comparably, James Efting, the managing partner at Efting swears that entity: "is a California general partnership"; has its principal place of business and is registered to do business in California; "is not registered to do business in North Carolina"; and has no physical presence, bank accounts, real estate, personal property, or employees in North Carolina; and "directs none of its advertising towards the State of North Carolina or its residents, specifically." (DE # 16-1, at 1–2.) Finally, the Judicial Defendants contend they are two retired California judges and a division of the California state court system, all of whom were served within the State of California. (DE # 27, at 7–8.) None of the defendants reside in, do or solicit business in, or have any meaningful connection to the State of North Carolina. In fact, plaintiff does not allege a single instance in which any defendant had contact with North Carolina or one of its residents. Thus, even viewing the evidence in her favor, plaintiff has failed to establish that any defendant has the minimum contacts required to establish general personal jurisdiction in this state.

2. *Specific Jurisdiction*

A court may exercise specific jurisdiction only if the cause of action arises from a defendant's purposeful contacts with the forum state. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation.'" Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Here, plaintiff's allegations relate to "two California attorneys[']" handling of her mother's estate and "California will," in "California Court." (DE #1, at 3–4.) Plaintiff does not allege any connection between this state and her underlying controversy. In fact, plaintiff does not allege any connection between the defendants and this state. Thus, her allegations fail to establish that any defendant "purposefully availed itself of the privilege of conducting activities" in this state or that she was harmed by such activities, both of which are required to establish specific jurisdiction. Tire Eng'g & Distrib., 682 F.3d at 302. As such, this court does not have specific jurisdiction over any defendant.

This court lacks personal jurisdiction over any defendant in this case.

**B. Venue**

All named defendants also contend that venue is improper in this district. (DE # 16, at 1; DE # 20, at 8; DE # 27, at 9.) Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2011). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." Atl. Marine Constr. Co. v. United States Dist. Court, 571 U.S. 49, 56 (2013). "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." Id.

Here, plaintiff has failed to establish that this case falls within any of the categories set forth in § 1391(b). First, plaintiff alleges "all defendants are of California." (DE # 1, at 1.) Second, as discussed above, plaintiff does not allege that any "events or omissions giving rise to the claim occurred" in North Carolina or that any related property exists in North Carolina. See 28 U.S.C. § 1391(b)(2). Instead, as discussed above, plaintiff alleges that California attorneys and judges took improper actions in California state court relating to her mother's "California Will." (DE # 1, at 3.) Thus, because all defendants appear to be "of California," venue of this action would be proper in a California district in which any defendant resides *or* in which a substantial part of the events occurred. See 28 U.S.C. § 1391(b)(1)-(2). Accordingly, plaintiff cannot establish venue in this district under § 1391(b)(3). Venue is improper in the Eastern District of North Carolina.

When a case is filed in an improper venue, the district court "'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Atl. Marine Constr. Co., 571 U.S. at 55 (quoting 28 U.S.C. § 1406(a)(1996)). Here, GCA and the Judicial Defendants urge the court to dismiss, rather than transfer, the action. (DE # 20, at 10; DE # 27, at 9.) First, these defendants contend plaintiff had notice that suit against them could not lie here. (See DE # 20, at 10.) Second, defendants contend transferring the case

6

would "inflict[] additional, unnecessary harm" on them. (Id.) Plaintiff does not advance any interest in transferring the case, rather than dismissing it. Instead, plaintiff contends she is "justified in filing in North Carolina and should have every expectation that [her] case is not transferred to California as ten years of history shows [she] would not get a fair outcome!" (DE # 34, at 3.)

The instant lawsuit is the second suit filed by plaintiff in the Eastern District of North Carolina against nonresident defendants, with no meaningful contacts in North Carolina. See Gregory v. Whitney, No. 4:19-CV-81, 2019 U.S. Dist. LEXIS 132065 (E.D.N.C. Aug. 7, 2019). On 7 August 2019, this court entered an order transferring plaintiff's first lawsuit to the United States District Court for the District of Arizona. Id. at 11 (granting defendant's alternative motion to transfer). In that order, the court explained that it lacked personal jurisdiction over nonresident defendants, who had no contact with North Carolina, for events allegedly occurring outside of North Carolina. Id. at 8–10. Two months after the entry of that order, plaintiff filed this action. (See DE # 1.)

Although *pro se* parties may be accorded some leniency, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), they remain obligated to comply with applicable rules and statutes, see Smith v. Healthcare Fin. Servs., No. 5:17-CV-370, 2018 U.S. Dist. LEXIS 5626, at *10 (E.D.N.C. Jan. 12, 2018) (citations omitted), see also Brody v. N.C. State Bd. of Elections, No. 3:10-CV-383, 2011 U.S. Dist. LEXIS 52520, at *11 (May 16, 2011) ("Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" (citation omitted)). Thus, for example, "[the] special consideration given to *pro se* plaintiffs may not apply where plaintiff has failed 'to adhere to readily comprehended court deadlines of which he was well-aware.'" Miller

7

v. Peters, No. 1:98-CV-00542, 2000 U.S. Dist. LEXIS 10685, at *2 n.4 (M.D.N.C. Mar. 7, 2000) (quoting Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991)). Relevant here, the Fourth Circuit has held that dismissal under § 1406(a) may be proper where "plaintiff's attorney could reasonably have foreseen that the forum in which he/she filed was improper." Nichols v. G. D. Searle & Co., 991 F.2d 1195 (4th Cir. 1993); cf. Proctor v. Morrissey, No. 95-1937, 1996 U.S. App. LEXIS 25712 (4th Cir. 1996) (transferring a case pursuant to § 1406(a) where the *pro se* plaintiff had a reasonable belief that defendant was a resident of Virginia, based on his Virginia address). Although plaintiff here proceeds *pro se*, she has been previously advised that this court lacks jurisdiction over nonresident defendants, with no contacts in North Carolina, and is an improper venue for claims against such defendants. See Gregory, 2019 U.S. Dist. LEXIS 132065, at *8–10. Given this notice to plaintiff and the harm in her repeatedly filing in this district cases over which this court has no jurisdiction, the interests of justice do not warrant transfer. Therefore, dismissal is proper pursuant to 28 U.S.C. § 1406(a).

### III. CONCLUSION

For the reasons stated herein, Efting's, GCA's, and the Judicial Defendants' motions to dismiss, (DE ## 14, 19, 26), are GRANTED. Plaintiff's motion to amend, (DE # 33), is ALLOWED. This court remains an improper venue even after the amendment, thus the amended complaint is DISMISSED. Plaintiff's motion for summary judgment, (DE # 36), is DENIED as moot.

This 20 February 2020.

_____
W. Earl Britt
Senior U.S. District Judge

8